**JUDGE TORRES**

**13 CV 5393**

David M. Schlachter, Esq.
LAW OFFICES OF DAVID M. SCHLACHTER, LLC
8 Carefree Lane
Suffern, NY 10901
(212) 257-2190
Davids@lawdms.com – DS1694
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------

JEANNE FRANSWAY,

                    Docket No.

        Plaintiff,

                    **COMPLAINT**

BAC HOME LOAN SERVICING, LP,
Itself and as subsidiary of BANK OF
AMERICA, N.A.
                    **Jury Trial Requested**

        Defendants.

------------------------------------------------

Plaintiff, JEANNE FRANSWAY (hereinafter "Plaintiff"), by her undersigned counsel, DAVID M. SCHLACHTER, ESQ. of LAW OFFICES OF DAVID M. SCHLACHTER, LLC, for her Complaint alleges, upon personal knowledge as to themselves and their own acts and upon information and belief as to all other matters, as follows:

## NATURE OF ACTION

1. This matter is an Action for Quiet Title, fraud, wrongful indebtedness, wrongful collection on a mortgage, slander of title, slander of credit, unjust enrichment and other rights and remedies against Defendant, who have fraudulently asserted possessory interests in the debt obligations securing the Plaintiff's real property, induced the Plaintiff to rely on the fraudulent assertions, induced Plaintiff to pay their mortgage debt obligations to parties who have no cognizable claim to those debts, induced Plaintiff to sign a Loan terms against Plaintiff's best interests, have subjected Plaintiff to fraudulent debt obligations while remaining liable for

legitimate debt obligations securing their real property, and unjustly enriching the Defendant as a direct consequence of the Defendant's fraudulent assertions.

2. Plaintiff is an individual who lives at 2329 Moholt Drive, Eau Claire, Wisconsin.

3. Upon information and belief, Defendant BAC Home Loans, LP and Bank of America, N.A. ("BAC") is a bank is located at 100 North Tryon Street, Charlotte, North Carolina.

4. The crux of the cause of action derives from the actions taken by Defendant to prepare the Note to be traded as a mortgage-backed security on Wall Street, located in the Southern District of New York.

## JURISDICTION AND VENUE

5. Plaintiff brings this matter to the United States District Court based upon 28 U.S.C. Sec. 1332, based on diversity jurisdiction as the Defendants are incorporated and their principal places of business are in different States from Plaintiffs' domicile and the amount in dispute exceeds $75,000. Venue is proper because subject property is in this Jurisdiction.

## CLAIMS

6. On or about July 22, 2008 Summit Home Mortgage gave Plaintiff a loan in the amount of One Hundred twenty-two thousand, five hundred and ninety-six dollars ($122,596).

7. This loan came with a mortgage secured on Plaintiff's property.

8. Under information and belief there was no Note provided, just the mortgage.

9. Sometime between then and May 17, 2010, Mortgage Electronic Registration Systems, Inc., ("MERS") acted as nominee for Summit Home Mortgage and allegedly assigned the mortgage to BAC Home Loans Servicing, LP.

10. MERS did not assign any Note then or ever.

11. By its own rules and bylaws, MERS is not authorized to assign mortgages or notes.

12. The Assignment states that it was assigned on August 4, 2008.

13. However, the document was not recorded until May 17, 2010, almost two years later.

14. Under information and belief BAC Home Loans Servicing, LP is a wholly owned subsidiary of Bank of America, N.A.

15. Under information and belief, BAC Home Loans Servicing, LP does not conduct business by owning home mortgages, but merely services them.

16. On or about August 4, 2010, a Lisa Allinson, an alleged Vice President of BAC Home Loans Servicing, LP, executed an affidavit that said BAC Home Loans Serivcing, LP is the holder of the promissory note and mortgage.

17. Further, BAC Home Loans Servicing, LP had its attorney swear that by due diligence review it appears that BAC Home Loans Servicing, LP is the holder of note and mortgage.

18. Plaintiff was successful in dismissing the foreclosure action in her home state, proving that Defendant does not hold title to the note and mortgage on this property.

19. Payroll records show that Ms. Allinson as an employee of BAC GP, LLC, a general partner with BAC Home Loans Servicing, LP.

20. Thus, her affidavit listing her has VP of BAC Home Loans Servicing, LP has no probative value.

21. Now, Bank of America, N.A. is threating Plaintiff with a foreclosure action.

22. There, Bank of America, N.A. claims to hold the Note and Mortgage.

23. There is no Note on this property executed by Plaintiff.

24. Under information and belief, MERS assigned the mortgage at the direction of Defendant, Bank of America, N.A. or one of its subsidiaries.

25. Under information and belief, this was done to prepare the mortgage to be traded on the New York Stock Exchange as a mortgage-backed security.

26. This was never done because the Note did not exist.

27. The Note was not assigned if it did exist

28. Defendant did mortgage statements to Plaintiff.

29. Upon such reliance Plaintiff paid money to Defendant.

### COUNT ONE – Wrongful Collection Practice

30. Plaintiff re-alleges all allegations made thus far.

31. The note in this matter never existed.

32. The note in this matter was never assigned to BAC Home Loans Servicing, LP.

33. Therefore, at best Defendant owns a mortgage but no note.

34. As the mortgage follows the note, Defendant has no rights to enforce collection on the Note or the Mortgage.

35. Defendant cannot sue Plaintiff for foreclosure.

Wherefore, Plaintiff seeks an Order of judgment for damages, punitive damages, against Defendant for the wrongful collection and wrongful prosecution of a foreclosure action, and for other such relief as this Court seems proper.

### COUNT TWO – Quite Title

36. Plaintiff re-alleges all allegations made thus far.

37. MERS has no authority to assign mortgages.

38. MERS "acting as nominee" has no legal affect.

39. The note was not assigned but only the mortgage.

40. Title, thus, never transferred to Defendant.

Wherefore, Plaintiff seeks an Order of judgment for damages, punitive damages, and special damages against Defendant and an injunctive Order of Quiet Title of the Note and Mortgage, and other such relief as the Court deems proper.

## COUNT THREE - FRAUD

41. Plaintiff re-alleges all allegations made thus far.

42. Defendant knew or should have known it does not possess true, legal title to the collection on the subject mortgage.

43. Defendant continued to send notices to collect from Plaintiff anyway.

44. When Plaintiff stopped paying the mortgage Defendant called Plaintiff several times a day.

45. Defendant sent letters to Plaintiff to try to induce Plaintiff to pay money to Defendant.

46. Defendant violated the Fair Debt Collection Practice Act by these actions.

Wherefore, Plaintiff seeks an Order of judgment for damages, punitive damages, against Defendant for the wrongful collection practices, harassment, and fraudulent inducement, and other such relief as this Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment:

a) Quieting title against Defendants;

b) Expunging the debt obligations and instruments asserted by Defendants against Plaintiff's subject property from the record;

c) Granting damages to Plaintiff for Defendants' fraud;

d) Granting damages to Plaintiffs for Defendants unjust enrichment;

e) Granting punitive damages for the conduct and fraud.

f) Granting attorney's fees to Plaintiff.

g) Other relief that this Court deems proper.

## DEMAND FOR A TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated: New York, New York
July 19, 2013

By _____
David M. Schlachter, Esq.
LAW OFFICES OF
DAVID M. SCHLACHTER, LLC
8 Carefree Lane
Suffern, NY 10901
(212) 257-2190
DS1694
Davids@lawdms.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEANNE FRANSWAY,

                       Plaintiff,

BAC HOME LOAN SERVICING, LP,
Itself and as subsidiary of BANK OF
AMERICA, N.A.

                       Defendants.

---

**Docket No.**

## SUMMONS / COMPLAINT

This certifies under the Fed. R. Civ. P. that this pleading is not made frivolously under law and it is only made in good faith.

                                       David M. Schlachter, Esq.
                                       LAW OFFICES OF DAVID M.
                                       SCHLACHTER, LLC
                                       DS - 1694
                                       579 Main Avenue
                                       Passaic, New Jersey 07055
                                       (212) 257-2190 phone
                                       (973) 272-4167 fax
                                       davids@lawdms.com
                                       Attorneys for Plaintiffs