USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/2/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEANNE FRANSWAY,

                  Plaintiff,

       -against-

BAC HOME LOAN SERVICING, LLP, itself and
as a subsidiary of BANK OF AMERICA, N.A.,

                  Defendant.

13 Civ. 5393 (AT)

**MEMORANDUM
AND ORDER**

ANALISA TORRES, District Judge:

Defendant, Bank of America, N.A. (erronesously sued as BAC Home Loan Servicing, LLP), moves to dismiss Plaintiff, Jeanne Fransway's complaint, or alternatively, to transfer this action to the Western District of Wisconsin pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the motion to transfer is GRANTED. Defendant's motion to dismiss for lack of subject matter jurisdiction, failure to join a party, and failure to state a claim is referred to the transferee court.

## BACKGROUND

On July 22, 2008, Plaintiff and non-party Tyler W. Fransway obtained a $122,596 mortgage loan from Summit Home Mortgage, Inc., a Minnesota Corporation, secured by real property at 2329 Moholt Drive, Eau Claire, Wisconsin. Compl. ¶ 6; Kaiser Decl. Ex. 2.[1] The mortgage was recorded with the Eau Claire County Register of Deeds. Kaiser Decl. Ex. 2. The underlying note was endorsed from Summit Home Mortgage, Inc., to Countrywide Bank, FSB, and then from Countrywide Bank, FSB to Defendant, Bank of America, N.A. *Id.* Ex. 3.

After Plaintiff defaulted on the loan, on May 17, 2012, the Circuit Court for Eau Claire County,

---

[1] In considering the mortgage and note submitted in conjunction with Defendant's motion, the Court does not convert this motion into a motion for summary judgment because these documents are referenced in, and integral to Plaintiff's complaint. *See Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995).

Wisconsin, entered a judgment of foreclosure in Defendant's favor, for $165,814.12. *Id.* Ex. 4. On August 1, 2013, Plaintiff filed suit in this Court alleging wrongful foreclosure, fraud, and seeking to quiet title on the grounds that her mortgage note was not validly assigned to Defendant. Contrary to the judgment of foreclosure, Plaintiff alleges that she "was successful in dismissing the foreclosure action in her home state," while simulatenously alleging that Defendant "is threating [sic] Plaintiff with a foreclosure action." Compl ¶¶ 18, 21. Plaintiff asserts that "venue is proper because subject property is in this Jurisdiction." Compl. ¶ 5. Plaintiff also contends that the "crux of this action derives from the actions taken by Defendant to prepare the Note to be traded as a mortgage-backed security on Wall Street, located" in this District. Compl. ¶ 6.

### STANDARD OF REVIEW

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Motions to transfer venue are governed by a two-part test: (1) whether the action to be transferred might have been brought in the transferee venue; and (2) whether the balance of convenience and justice favors transfer. *See Williams v. City of New York*, No. 03 Civ. 5342, 2006 WL 399456, at *2 (S.D.N.Y. 2006). An action "might have been brought" in another forum if the defendant would have been amenable to personal jurisdiction in the transferee forum at the time the action was commenced and venue there is proper. *Id.* In determining whether the balance of convenience and justice favors transfer, courts consider several factors, including:

> (1) The plaintiff's choice of forum; (2) the convenience of witnesses; (3) the location of relevant documents and relative ease of access to sources of proof; (4) the convenience of parties; (5) the locus of operative facts; (6) the availability of process to compel the attendance of unwilling witnesses; and (7) the relative means of the parties.

*New York Marine & General Ins. Co. v. Lafarge North America, Inc.*, 599 F.3d 102, 112 (2d Cir. 2010). A plaintiff's choice of forum should not be disturbed unless the balance of factors clearly

weighs in favor of a transfer. *Habrout v. City of New York*, 143 F. Supp. 2d 399, 401 (S.D.N.Y. 2001). However, "[t]here is no strict formula for the application of these factors, and no single factor is determinative." *Scherillo v. Dun & Bradstreet, Inc.,* 684 F.Supp.2d 313, 318-19 (E.D.N.Y. 2010).

Additionally, it is well established that motions for transfer lie well within the broad discretion of the district court. *Schuur v. Walt Disney Co.*, No. 98 Civ. 2212, 1998 WL 190321, at *1 (S.D.N.Y. 1998). The moving party has the burden of establishing the propriety of the transfer by a clear and convincing showing. *U.S. Life Ins. Co. v. Silverstein*, No. 94 Civ. 1417, 1994 WL 592557, at *1 (S.D.N.Y. 1994).

## DISCUSSION

Defendant has made a clear and convincing showing that the balance of factors weighs in favor of transfer of this action to the Western District of Wisconsin.

First, Plaintiff could have brought this action in the Western District of Wisconsin, where she resides. Compl. ¶ 2. A case "might have been brought" where jurisdiction and venue in the transferee district was proper at the time the action was filed. *Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 401 (S.D.N.Y. 2004). Under 28 U.S.C. § 1391(b), venue is proper where a substantial part of the property that is the subject of the action is situated. Notwithstanding Defendants' jurisdictional arguments, because this case concerns a Wisconsin mortgage, and seeks to quiet title to a Wisconsin property, Plaintiff might have brought this action in that district.

Second, the Western District of Wisconsin is a far more convenient venue than New York for litigating this dispute. Plaintiff seeks to "quiet title" to real property located in Wisconsin. Plaintiff lives in Wisconsin and entered into the mortgage in Wisconsin. Defendant obtained the judgment of foreclosure in a Wisconsin state court and the mortgage is governed by Wisconsin law. Moreover, Plaintiff has not alleged that any operative facts occurred in New York. Even where Plaintiff alleges that Defendant "prepare[d] the Note to be traded as a mortgage-backed security on Wall Street," as

Judge Hellerstein held in a similar case where Plaintiff's counsel advanced the same position, "the selling of the note is not a wrong; it is a normal incident of mortgages and notes unless there is a clause forbidding sale, and none is alleged." *Russell v. Wells Fargo Bank, N.A.*, No. 12 Civ. 8893 (AKH), ECF No. 21 at 2 (S.D.N.Y. May 13, 2013).

Although the Court is hesitant to disturb a plaintiff's choice of forum, judicial economy is not served where, as here, there is no real nexus to plaintiff's chosen forum. The witnesses, documents, and any evidence relavent to this case is likely in Wisconsin. Plaintiff resides in Wisconsin and Defendant is a corporation with sufficient resources to litigate this matter in Wisconsin. Accordingly, a federal court in Wisconsin is a much more suitable venue for consideration of this lawsuit than the Southern District of New York.

## CONCLUSION

The Clerk of the Court is directed to transfer this case to the United States District Court for the Western District of Wisconsin. The Clerk of the Court shall terminate the motion at ECF No. 14.

SO ORDERED.

Dated: April 2, 2014
New York, New York

_____
ANALISA TORRES
United States District Judge

4